IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOSKOCIL MANUFACTURING COMPANY, INC. d/b/a PETMATE, <br><br> Plaintiff, <br><br> v. <br><br> UNIQUE PETZ, LLC, <br><br> Defendant. | Civil Action No. _____ |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Doskocil Manufacturing Company, Inc. d/b/a Petmate, hereby files this Complaint for Patent Infringement against Unique Petz, LLC as follows:

### NATURE OF THE ACTION AND SUBJECT MATTER JURISDICTION

1. This is an action for patent infringement arising under the Patent Laws of the United States 35 U.S.C. §§ 1 *et seq.* and in particular arising under 35 U.S.C. § 271.

2. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. § 281 and 28 U.S.C. §§ 1331 and 1338 because this action arises under the laws of the United States and Acts of Congress relating to patents. The activities of Unique Petz, LLC described herein are sufficient to subject it to the personal jurisdiction of this Court.

### PARTIES

3. Doskocil Manufacturing Company, Inc. d/b/a Petmate ("Doskocil") is a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 2300 East Randol Mill Road, Arlington, Texas 76011.

{J1914522.1}

4. Unique Petz, LLC ("Unique") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 10 West 33rd Street, Suite 220, New York, NY 10001.

## VENUE

5. Venue over this action is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) because this judicial district is a judicial district in which a substantial part of the events giving rise to the claims asserted herein occurred, because Unique is subject to personal jurisdiction and therefore resides within this judicial district and because Unique has committed acts of patent infringement.

## PATENT NO. 6,076,829

6. On June 20, 2000, United States Patent No. 6,076,829 (the "'829 Patent") was duly and validly issued to Mark Oblack, for a Ball Throwing Apparatus and Method. A true and correct copy of the '829 Patent is attached to the Complaint as **"Exhibit A"** and is incorporated herein by this reference.

7. Through a December 11, 2012 assignment from Mark Oblack to Canine Hardware, Inc. and subsequent July 3, 2014 merger of Canine Hardware Inc. into Doskocil, Doskocil is the owner of the '829 Patent. The '829 Patent is currently subsisting, and Doskocil is the real party-in-interest with the right to seek the relief requested in this Complaint.

## COUNT I
## INFRINGEMENT OF THE '829 PATENT

8. The allegations of Paragraphs 1 through 7 are incorporated herein by this reference.

9. Unique, without authorization from Doskocil, has been and is engaged in making and/or importing into the United States and offering for sale and selling in this judicial district and elsewhere, infringing products, including a pet ball throwing device which it sells under the name **"Unique Petz Ball Launcher"** an image of which is attached hereto as **"Exhibit B"**, which is incorporated herein by this reference.

10. Unique, in this judicial district and elsewhere in the United States, is offering for sale and selling the **"Unique Petz Ball Launcher"** ball throwing device which infringe the inventions set forth in one or more claims of the '829 Patent, and/or is contributing and/or is actively inducing the making, offering for sale, selling and/or use of products which infringe the inventions of one or more of the claims of the '829 Patent in violation of 35 U.S.C. §§ 271(a), 271(b) and/or 271(c).

11. The infringement of the '829 Patent by Unique has been willful and deliberate and in conscious disregard of Doskocil's rights.

12. As a consequence of the foregoing, Unique has caused and is continuing to cause damage to Doskocil and, unless such acts are enjoined by this Court, Unique will continue to cause irreparable harm to Doskocil for which there is no adequate remedy at law and for which Doskocil is entitled to injunctive relief under 35 U.S.C. § 283.

## RELIEF REQUESTED

WHEREFORE, Doskocil prays for relief as follows:

A. That the Court adjudge that Unique has infringed one or more of the claims of the '829 Patent;

B. That the Court adjudge that the infringement by Unique has been willful;

C. That the Court award Doskocil its damages in accordance with 35 U.S.C. § 284, and increase those damages up to three (3) times by reason of the willful infringement;

D. That the Court awarded Doskocil its costs in connection with this action;

E. That the Court declare this to be an "exceptional" case within the meaning of 35 U.S.C. § 285, and award Doskocil its reasonable attorney's fees, expenses and costs of this action;

F. That the Court preliminarily and permanently enjoin Unique and its officers, agents, servants, employees, attorneys and those persons in active concert with or participation with them who receive actual notice hereof by personal service or otherwise from committing further acts of infringement of the '829 Patent.

G. That the Court award Doskocil such other and further relief as the Court deems just and proper.

Dated: January 22, 2015

Respectfully submitted,

/s/ Mark A. Willard
Mark A. Willard
Pa. I.D. No. 18103
David V. Radack
Pa. I.D. No. 39633
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Phone: (412) 566-6000
Fax: (412) 566-6099
mwillard@eckertseamans.com
dradack@eckertseamans.com

*Attorneys for Plaintiff, Doskocil Manufacturing Company, Inc. d/b/a Petmate*